## SILVERS v HOUPT

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1567. Decided Jan. 8, 1940.

P. W. Tetlow, Columbus; Shaman, Winer & Shulman, Dayton. for plaintiff-appellant.

Barger & Orendorf, Dayton, for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

This action came into the Common Pleas Court on appeal from the final action of the Industrial Commission of Ohio on January 7, 1936, at which time plaintiff was denied further compensation from the defendant from October 20, 1934.

The undisputed facts show that the plaintiff was in the employ of the defendant, an employer who had failed to comply with the provisions of the Workmen's Compensation Act of Ohio, although he was amenable to such act. Plaintiff sustained certain injuries while in the employ of the defendant on January 30, 1934. He had duly filed his claim with the Commission and the same was allowed and he was granted compensation from January 30, 1934 to April 14, 1934. This compensation included certain allowed medical and hospital bills, all of which were allowed and paid by the defendant.

On April 14, 1935, plaintiff filed an application for modification of award with The Industrial Commission, claiming he had been totally disabled as a result of the injuries since October 20, 1934. This application was heard and disallowed by reason that the Commission found that claimant's present disability was due to natural causes and not the result of the injuries of January 30, 1934.

In due time application for rehearing was filed, testimony taken and the claim again denied for the same reason.

In regular order, petition was filed in the Common Pleas Court and the case there proceeded to a final hearing and determination, resulting in the jury finding against the plaintiff.

In due time, through notice of appeal, the cause was lodged in this court.

Appellant presents four assignments of error, which we will take up and pass upon in the same order as presented in appellant's brief.

**FIRST ASSIGNMENT**

"The court of common pleas erred in overruling the objection of the plaintiff and appellant to the questions beginning with the first question on page 77 of the bill of exceptions and continuing through page 78 of the bill of exceptions."

Plaintiff's original injuries were through being struck by an automobile while in the course of his employment. His employment consisted of the usual work of a merchant policeman, which service was contracted for and provided by the defendant under the designation as "Merchant Police Service."

Plaintiff's claimed permanent injuries were described in the petition as post traumatic cordical atrophy and cerebral arterio sclerosis.

Translated into understandable language, it was claimed that the original injury had developed a condition in Plaintiff's body and mind through which he became forgetful and was unable to coordinate to the point that he was unable to continue his work and lost his position with the defendant.

It was the claim of the defendant, concurred in by the Commission, that the conditions of which plaintiff complained were present before the accident, and that any development was the result of natural causes uninfluenced by the accident and resultant injuries.

The defendant, Elzie E. Houpt, was being interrogated by his own counsel relative to forgetfulness of the plaintiff both before and after the accident. It seems that among other things it was the duty of plaintiff at regular hours during the night, to pull a switch which

automatically registered at a central station, and was a check on the employee making this station at the proper hours. The claim was that plaintiff frequently would miss at different hours on different dates, and this was the particular matter that was being inquired into at pages 77 and 78 of the record. It was the claim of plaintiff that defendant had no knowledge of this fact except as information was furnished him from the central office control (not under his control), and hence was hearsay. The claim that the information received by the defendant would be hearsay is correct, but the evidence of this particular witness relative to this matter was not thereby rendered incompetent, for the reason that the purport and purpose of the evidence was to show that the defendant in each instance after these occurrences, would question plaintff and the latter, while admitting his error, would give excuses, all of which had a tendency to support forgetfulness.

Defendant had all these days and dates listed in his book as report would come in to him, and during the time that he was testifying was refreshing his recollection from the book.

Of course, if the only purpose of this testimony would be to fix the time and date that plaintiff failed to pull the switch at these stations, the evidence would unquestionably be improper as hearsay, but, as heretofore stated, that was not the purpose. Defendant used his book to fix the hour and day as the instance in which he on a subsequent day talked to the plaintiff about his failure to pull the switch.

Under the situation, the court was not in error in permitting the introduction of his testimony.

### SECOND ASSIGNMENT

"The court of common pleas of Montgomery County erred in the charge to the jury, in that it completely failed to define and present the issues in this case to the jury by reason of the court's failure to incorporate in the charge any charge on an aggravation of a pre-existing condition. The sole issue in this case as presented by the evidence was an aggravation of a pre-existing condition, and the court failed to charge at all on an aggravation."

An examination of the record will disclose that the trial court did not charge on the question of acceleration, but it will also disclose that no request was made by counsel for plaintiff to so charge, either before argument or at the close of the court's instruction to the jury.

We think there is some doubt as to whether or not it would be proper to say, as counsel does, that "the sole issue in this case as presented by the evidence was an aggravation of a pre-existing condition." The petiton makes no such clam, nor is it more than lightly referred to in plaintiff's evidence. Really it is only prominently injected into the case after the defendant in the presentation of his evidence, gave testimony tending to show that plantiff's claimed manifestation of the results of his injury could be properly explained by a condition existing before the accident.

It must be conceded that the question of acceleration was properly in the case, and in the interest of clarity the court should have charged more specifically on this phase of the case, but we are unable to arrive at the conclusion that the court's charge was prejudicially erroneous in this particular since counsel for plaintiff did not deem it of sufficient importance to call it to the court's attention.

There was no error in the court's charge in this particular, except it be an error of omission. The Supreme Court of Ohio has very clearly and definitely laid down the law that errors of omission in a court's charge will not be the basis upon which to predicate error, unless the court has refused to make such charge upon request.

The Columbus Railway Co. v Ritter, 67 Oh St 53;

The State of Ohio v McCoy, 88 Oh St 447;

State v Driscoll, 106 Oh St 33;

Weisflock et v Sigling, 116 Oh St 432.

On page 434 of the dictum of the last case, we find the following:

"It has been many times held by this court that a certain duty devolves upon counsel to request an instruction upon certain questions arising during the trial of a case, where the court has omitted to do so. In the instant case counsel not only made no request, but made no specific objections to the charge. Having taken only a general exception, they raised no questions of law as to the mere omission of the court, on the contrary, they only presented questions of errors of law existing in the charge as given."

Under the new Procedural Act, counsel are not required to make specific exceptions, but this does not modify the rule that counsel can not complain of errors of omission where they sit by and fail to make request for a more complete charge.

We find no error in this assignment.

THIRD ASSIGNMENT

"The court of common pleas of Montgomery County erred in that the argument in this case was made to the jury on December 9, 1938. The charge to the jury was not given until December 12, 1938, and during the interval between the final argument and the charge, the trial court performed certain other judicial acts and proceeded with other business in violation of §11420-1, GC. There is filed herewith a certified copy of the Minute Record of the Common Pleas Court of Montgomery County of orders and judgments filed on December 10, 1938, which orders were made by Judge Null M. Hodapp."

We fail to find the certified copy of the Minute Records referred to. We attach no particular signficance to this copy, even if filed. We find that there is some conflict in day and dates between the transcript of docket and journal entries and those appearing in the bill of exceptions.

If anything happened through which the case was delayed before being finally submitted to the jury, no reference is made to it and no exceptions, nor does it appear that any objections were filed. Apparently this is something that occurs to counsel in searching for errors upon which the claim for new trial might be predicated.

We find no merit under this claim and hence no error.

FOURTH ASSIGNMENT

"The verdict and judgment of the common pleas court of Montgomery County is contrary to law and against the manifest weight of the evidence."

As we view it, this is the only serious question presented through the record. We have no hesitation in saying that had we been determining the cause our finding would have been for the plaintiff.

The rule is so well established that no citation of authorities is necessary, that we are not permitted to reverse a case on the weight of the evidence merely because we would, if hearing the case originally, have found differently. We can only reverse if the evidence presents such a strong case for the plaintiff as would shock the conscience to permit it to remain. This we are unable to do.

Finding no prejudicial error, the judgment of the court below will be affirmed, and costs taxed against the appellant.

HORNBECK, PJ., concurs.

GEIGER, J., concurs in judgment.